UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CR-22-1-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ROGER RAPALO-AMADOR, | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Motions to Dismiss [DE-61] and for a Bill of Particulars [DE-60]. A hearing on defendant's Motion to Suppress [DE- 59] is scheduled for July 22, 2010, after which time an order will be entered.

The instant motions arise from this federal prosecution of Roger Rapalo-Amador ["Rapalo-Amador"] charging him in a three-count Indictment with (1) participating in a conspiracy to distribute and to possess with intent to distribute one hundred kilograms or more of marijuana; (2) possessing with the intent to distribute ten kilograms or more of marijuana; and (3) knowingly possessing a firearm in furtherance of a drug trafficking offense. The Indictment alleges that the conspiracy charged in Count One occurred between January 2001, and March 13, 2009 – a period spanning over eight years. Count Three alleges that Rapalo-Amador knowingly possessed a firearm in furtherance of the drug trafficking offense alleged in Count One – the eight-year conspiracy. Count Three does not allege any date "on or about" which Rapalo-Amador possessed a firearm during that eight-year period, nor does it allege any particular type, make or caliber of firearm.

## Motion to Dismiss – Statute of Limitations

Rapalo-Amador moves for dismissal of Count Three on grounds that the five-year statute of limitations bars prosecution of the firearm offense to the extent it allegedly occurred prior to February 17, 2005. The Government responds that, because the conspiracy charged in Count One – an element of the firearm charge – is a continuing offense, the limitations period

does not begin to run on the firearm charge until that offense is complete. *United States v. Cuervo*, 354 F.3d 969 (8th Cir. 2004), *vacated on other grounds sub nom. Norman v. United States*, 543 U.S. 1099 (2005); *see also United States v. Payne*, 591 F.3d 46, 69 (2d Cir. 2010) ("[b]ecause the narcotics distribution conspiracy that was a predicate of Payne's firearms offense was a continuing crime [over an alleged period of nearly 20 years], Payne's firearms offense was likewise a continuing offense, rather than a 'point-in-time' offense"). The Fourth Circuit Court of Appeals agrees that "conspiracy is a continuing offense, constantly renewing itself." *United States v. Carter*, 300 F.3d 415, 427 (4th Cir. 2002), *cert. denied*, 537 U.S. 1187 (2003). Therefore, Rapalo-Amador's Motion to Dismiss Count Three [DE-61] on statute of limitations grounds is DENIED.

### Motion for Bill of Particulars – Count Three

Rapalo-Amador contends that without a more specific allegation as to the date the Government contends he possessed a firearm in furtherance of the supposed eight-year drug trafficking conspiracy, he cannot effectively prepare for trial. He seeks an order directing the Government to file a Bill of Particulars pursuant to Rule 7(f), FED. R. CRIM. P., more narrowly identifying the "on-or-about" date within that eight-year period he is alleged to have committed the offense charged in Count Three.

The Government details how it has provided voluminous discovery materials to which supplementary material has been added as it becomes available. Defense counsel explains that because the Government's discovery contains material relating to recent as well as remote dates, a greater *volume* of discovery is no more helpful in preparing to meet the Government's evidence at trial than is a lesser volume of discovery. Defense counsel implies that the discovery material provided does not assist with the identification of the alleged firearm possession purportedly charged in Count Three.

The right to a bill of particulars depends on whether the offense is charged in the indictment with sufficient clarity to enable the defendant to prepare a defense without surprise and to plead former acquittal of conviction if later charged with the same offense. *See, e.g., United States v. Gibson*, 327 Fed. Appx. 391, 392 (4th Cir.), *cert. denied*, 130 S. Ct. 326 (2009). There is no federal constitutional right to a bill of particulars, and whether to allow such a motion is a matter within the sound discretion of the trial court. *See, e.g., Powell v. Kelly*, 562 F.3d 656, 666, n.5 (4th Cir. 2009) (citing *United States v. Bales*, 813 F.2d 1289, 1294 (4th Cir. 1987)), *cert. denied*, 130 S. Ct. 1281 (2010). Even if an indictment itself fails to supply sufficient particularity, denial of requests for bills of particulars are appropriate when "the materials voluntarily provided by the Government served to apprise the defendant[] of the needed information." *See United States v. Glecier*, 923 F.2d 496, 502 (7th Cir. 1991) (cited with approval in *United States v. Hazel*, No. 93-5634, 1994 WL 642198, slip op. at * 3 (4th Cir. Nov. 15, 1994) (UP)). A bill of particulars is not to be allowed if, in fact, it would amount merely to a device for obtaining disclosure of evidence to which the defendant is not then entitled. *E.g., Wong Tai v. United States*, 273 U.S. 77 (1927).

The indictment at issue here charges the defendant with possessing a firearm in furtherance of a conspiracy alleged to exist over a period of more than eight years. In its discretion, the court finds, in light of the extensive duration of the alleged conspiracy, that the § 924(c) charge in Count Three lacks sufficient particularity to enable the defendant to prepare a defense or to plead former acquittal if he later is charged with the same offense. Nor is the court in this instance persuaded that the Government's discovery materials fairly identify the time frame within which the defendant must anticipate and prepare to defend against testimony supporting the Government's sweeping allegation.

3

Accordingly, Rapalo-Amador's Motion for Bill of Particulars [DE-60] as to Count Three of the Indictment is ALLOWED. The Government is DIRECTED to file its Bill of Particulars within fourteen (14) days of this order, stating the date or dates "on or about" which it alleges Rapalo-Amador possessed a firearm in furtherance of the eight-year conspiracy charged in Count One.

SO ORDERED.

This is ___14th___ day of July, 2010.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge